# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERT H. DOVE,

    *Plaintiff*,

vs.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    *Defendant.*

Case No. 07-1311-EFM

## MEMORANDUM AND ORDER

Plaintiff brought an ERISA claim challenging Defendant's decision to deny him benefits. After the Tenth Circuit remanded the case to reconsider Plaintiff's benefit claim consistent with its order, Defendant granted Plaintiff's claim for benefits and paid Plaintiff $250,000. Before the Court is Plaintiff's Motion for Interest on Delayed Benefit Payment (Doc. 53). For the following reasons, the Court grants Plaintiff's motion.

### I. Factual and Procedural Background

Plaintiff Robert H. Dove submitted a claim for dependent accidental dismemberment benefits on March 24, 2006 to Defendant Prudential Insurance Company. Prudential made an initial determination denying Dove's claim. Dove invoked the administrative review and appeal process, and Prudential upheld its denial on April 11, 2007.

Dove then brought suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a). This Court granted summary judgment in favor of Defendant finding that its decision was not arbitrary and capricious and denied Plaintiff's motion for summary judgment. Judgment was entered on May 19, 2009.

On appeal to the Tenth Circuit, the Tenth Circuit reversed the decision and found that Prudential's decision was arbitrary and capricious because Prudential relied on standards not contained in the benefits plan. The circuit also determined that "this is not a case where it is so clear-cut that it was unreasonable for Prudential to deny Dove benefits," and Prudential should determine "whether the accident was the independent cause of Dove's vision loss, such that it would have brought about the loss without the direct or indirect influence of Dove's pre-existing conditions." The circuit also stated, however, that it was not "convinced that Prudential would reach the same conclusion in this case after restricting its medical review to the express terms of the plan and properly comparing Dove's pre- and post-accident vision." Accordingly, the matter was remanded back to this Court with instructions that we order Prudential to reconsider Dove's application of benefits. On March 2, 2010, this Court remanded the matter to Defendant directing it to reconsider Plaintiff's claim consistent with the order and judgment of the Tenth Circuit.

After remand, Dove submitted additional medical records. On September 27, 2010, Prudential informed Dove that it had reversed its decision denying benefits. On October 13, 2010, Prudential sent a check in the amount of $250,000 to Dove. Dove now seeks interest from March 24, 2006,[1] the day he first submitted a claim for benefits, through October 14, 2010, the day he

---

[1] Plaintiff uses both the date of March 24, 2006 and March 26, 2006 in his briefing. Defendant uses both the date of April 2, 2005 and March 24, 2006 in its briefing. Presumably, the March 24th date is the correct date because this is the date Plaintiff first filed his claim.

received his check for benefits.

## II. Discussion

Generally, whether to award prejudgment interest is within the court's discretion.[2] "A two-step analysis governs the determination of such an award."[3] First, the court must decide "whether the award of prejudgment interest will serve to compensate the injured party."[4] Next, even if the award is compensatory, the court should determine "whether the equities would preclude the award of prejudgment interest."[5]

In this case, Plaintiff has not obtained a judgment. As such, "prejudgment interest" is not technically at issue. Plaintiff, however, argues that he is entitled to interest on the delayed benefit payment. He contends that awarding interest on the delayed benefit payment is appropriate equitable relief under ERISA, and the equities favor him because he should be compensated for the loss of use of $250,000 from March 24, 2006 through October 14, 2010. Accordingly, he requests the Court to award prejudgment interest at the rate specified in K.S.A. § 16-201, which is ten percent per year.

Plaintiff relies on several cases for the proposition that an ERISA claimant is entitled to prejudgment interest even though the claimant has not obtained a judgment, including a recent District of Kansas decision, *Sharp v. Wellmark, Inc.*[6] In *Sharp*, the issue was whether the court had jurisdiction over the plaintiffs' claim for interest on ERISA benefits previously paid pursuant to a

---

[2] *Caldwell v. Life Ins. Co. of Am.*, 287 F.3d 1276, 1286 (10th Cir. 2002).

[3] *Id.*

[4] *Id.* (citations and quotation omitted).

[5] *Id.* (citations and quotation omitted).

[6] --- F. Supp. 2d ---, 2010 WL 4005059 (D. Kan. Oct. 12, 2010).

-3-

settlement agreement.[7] The defendant had paid the plaintiffs the agreed-upon ERISA benefits pursuant to a settlement agreement but without an entry of judgment.[8] Plaintiffs brought suit in state court seeking interest on the previously-paid benefits because the defendant had not paid interest.[9]

Judge Crow denied the plaintiffs' motion to remand to state court, concluding that the court had jurisdiction on the basis that the plaintiffs' claim for interest was dependent on the defendant's previous payment of ERISA benefits and thus related to those benefits.[10] The court first noted that several circuits "have authorized an award of interest as a form of equitable relief under § 502(a)(3)."[11] It then concluded that the Tenth Circuit would do the same relying on the circuit's decisions of *Weber v. GE Group Life Assurance Co.*[12] and *Allison v. Bank-One Denver*[13] in which the circuit determined that prejudgment interest was within the court's discretion and discussed prejudgment interest in the context of equitable relief.[14]

Noting that "prejudgment interest" was "not technically at issue, since no judgment was entered due to the parties' settlement of their ERISA case," the court nevertheless found that interest on a prior payment of ERISA benefits was "within the scope of ERISA's civil enforcement

---

[7] *Id.* at *1.

[8] *Id.*

[9] *Id.*

[10] *Id.* at *4-6.

[11] *Id.* at *5 (collecting and citing cases).

[12] 541 F.3d 1002 (10th Cir. 2008).

[13] 289 F.3d 1223 (10th Cir. 2002).

[14] *Sharp*, 2010 WL 4005059, at *6.

provisions."[15]

> If interest is an appropriate remedy under § 1132(a)(3)(B) to avoid unjust enrichment of a plan provider who wrongfully delays the payment of benefits, the award is appropriate whether a judgment [for payment of the benefits] is obtained or not.[16]

"A late payment of benefits effectively deprives the beneficiary of the time value of his or her money whether or not the beneficiary secured the overdue benefits through a judgment as the result of ERISA litigation."[17]

Defendant argues that the cases Plaintiff relies upon for authority that interest is recoverable on a delayed benefit payment all use the same test – whether the plan provider wrongfully delayed payment of benefits.[18] Arguing that there is no evidence of wrongful conduct from the period from when Plaintiff filed his claim until the time Defendant voluntarily paid Plaintiff's benefits on October 14, 2010, Defendant contends that Plaintiff is not entitled to interest. This argument is based primarily on the fact that this Court granted Defendant summary judgment and the Tenth

---

[15]*Id.* The Court found it "unnecessary for purposes of this motion to determine whether the [plaintiff's] cause of action for interest based upon delayed ERISA benefit payments arises under 1132(a)(1)(B) or, instead, under 1132(a)(3)." *Id.* at *6, n. 4.

[16]*Id.* at *6 (citing *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1007 (8th Cir. 2004)).

[17]*Id.* (citing *Fotta v. Trs. of the United Mine Workers of Am.*, 165 F.3d 209, 212 (3d Cir. 1998)).

[18]Defendant contends in a footnote that Plaintiff has not asserted a claim in this case for equitable relief under 29 U.S.C. § 1132(a)(3)(B), but rather brought his claim under 29 U.S.C. § 1132(a)(1). Defendant asserts that it is not clear whether Plaintiff has an equitable claim under § 1132(a)(1)(B) to interest without a judgment, and the case law that Plaintiff primarily relies upon involves interest as equitable relief under § 1132(a)(3)(B). Plaintiff does not address the distinction.
  Other than this brief footnote in Defendant's brief, there is no further discussion by the parties regarding the distinction between the relief contemplated under § (a)(1)(B) and § (a)(3)(B) or whether the distinction is important. Both proceed on the theory that Plaintiff can recover interest on a delayed benefit payment, but instead argue whether Defendant's conduct constitutes "wrongful conduct." Because the parties proceed on this basis, the Court will also proceed on this basis. The Court notes, however, that several cases in the District of Kansas provide that prejudgment interest is available under 29 U.S.C. § 1132(a)(1)(B). *See Kansas v. Titus*, 452 F. Supp. 2d 1136, 1151-52 (D. Kan. 2006); *Hyde v. Benicorp Ins. Co.*, 363 F. Supp. 2d 1304, 1308-09 (D. Kan. 2005).

Circuit's decision reversing and remanding the case stated that this is not a case where it is so clear-cut that it was unreasonable for Prudential to deny Dove benefits.

However, the Tenth Circuit determined on appeal that Defendant's decision was arbitrary and capricious and directed Defendant to employ the proper standard in reviewing Plaintiff's claim for benefits. In this case, the benefits were wrongfully withheld because Plaintiff was entitled to the benefits under the plan as Defendant determined after the matter was remanded to it. "Wrongful delay" does not necessarily imply some type of "wrongdoing" but rather that it was a wrong decision to delay the payment of benefits.

There is no "judgment" in favor of Plaintiff, but Plaintiff had to resort to litigation to obtain his benefits. It appears that Plaintiff has been diligent in seeking his benefits by first requesting benefits and following the fund's appeal process, then promptly bringing suit in this court, and then appealing to the Tenth Circuit. Only after the Tenth Circuit found that Defendant's decision was arbitrary and capricious and directed Defendant to employ the appropriate standard within the benefit plan did Plaintiff become entitled to his payment of benefits.

Although the interest sought here is not technically "prejudgment interest," "prejudgment interest is designed to compensate a wronged party for the period during which the party was denied the full use and benefit of the money."[19] The purpose is to make the plaintiff whole because he has been denied the use of money which was his, and the awarding of it is equitable because it is an essential component to full compensation.[20] In determining whether prejudgment interest is appropriate, the Court should first consider whether the awarding of it would serve to compensate

---

[19]*Titus*, 452 F. Supp. 2d at 1152 (citing *Caldwell*, 287 F.3d at 1287; *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1009 (3d Cir. 1992)).

[20]*Id.* (citing *Caldwell v. W. Atlas Int'l, Inc.*, 2000 WL 1114977, at *1 (D. Kan. July 14, 2000)).

the party.[21] The Court should next determine whether equities would preclude the award.[22]

In this case, Plaintiff was denied the use of this money for approximately four years and the interest would serve to fully compensate Plaintiff. In addition, the equities do not preclude the award of interest. Defendant determined that Plaintiff was entitled to his disability benefits under the terms of the plan, and Defendant then granted his disability benefits.[23] Therefore, because Plaintiff was entitled to these benefits when he submitted his claim, he is entitled to the payment of the benefits from that time, and he has been denied the use of the payment for the past four years. Accordingly, the equities are in Plaintiff's favor.

In the Tenth Circuit, interest runs on the date the claim for benefits was first filed.[24] Generally, a court considers state law in determining the interest rate on an ERISA claim.[25] Accordingly, the Court grants Plaintiff's motion for interest beginning on March 24, 2006, the date Plaintiff first filed his claim, through October 14, 2010 in the amount of 10% per year pursuant to K.S.A. § 16-201.

---

[21]*Caldwell,* 287 F.3d at 1286. Although "prejudgment interest" is not technically at issue in this case, the Court is relying on the two-step process in determining whether prejudgment interest is appropriate.

[22]*Id.*

[23]Although Defendant contends that it is significant that Plaintiff submitted additional information after the case was remanded, Defendant nevertheless granted Plaintiff's claim for benefits and reversed its earlier decision denying Plaintiff benefits.

[24]*Caldwell*, 287 F.3d at 1287.

[25]*Id.* at 1287-88; *see also Titus*, 452 F. Supp. 2d at 1152 (citations omitted).

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion for Interest on Delayed Benefit Payment (Doc. 53) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 20th day of January, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE